# United States Court of Appeals
## For the First Circuit

No. 04-1633

LISANDRA LÓPEZ-GONZÁLEZ; JUSTINA RUÍZ-ROSA; LYDIA M. COLÓN-LÓPEZ; MARIA A. CARRUCINI-REYES; MIRTHELINA RODRÍGUEZ-FERRER; AWILDA RODRÍGUEZ-HERNÁNDEZ; ELBA D. RIVERA-CRUZ; MARTA E. RESTO-RIVERA; EDNA L. HERNÁNDEZ-DEL-VALLE; CARMEN T. RIVERA-ROMÁN; JORGE A. ROSADO-SANTIAGO,

Plaintiffs, Appellants,

v.

MUNICIPALITY OF COMERÍO; JOSÉ A. SANTIAGO-RIVERA, in his personal and official capacity; JUAN L. FONTÁNEZ, in his personal and official capacity; LUZ HAYDEE SANTOS, in her personal and official capacity; ANTONIO SANTOS, in his personal and official capacity,

Defendants, Appellees.

ERRATA SHEET

The opinion of this Court issued on April 21, 2005 is corrected as follows:

Page 15, in line 11:  Replace "In this case" with "Unlike the situation in Chardón"

Page 15, in line 11:  Insert "here" after "rule"

Page 15, in line 13:  Replace "id." with "Tomanio, 446 U.S."

Page 16, in line 2:  Delete footnote 8

Page 15, at line 11:  Insert the following new paragraph before "Unlike the situation in Chardón . . .":

    In Chardón v. Fumero Soto, 462 U.S. 650 (1983), the Supreme Court affirmed Fernández v. Chardón, 681 F.2d 42 (1st Cir. 1982), in which we held that Puerto Rico's restart tolling rule applies in a § 1983 action after denial of class certification.  The Supreme Court noted approvingly this court's

conclusion in <u>Fernández</u> that application of Puerto Rico's restart rule in a class action where class certification is denied for lack of numerosity "would not violate any federal policy." <u>Chardón</u>, 462 U.S. at 655.  The Supreme Court specifically pointed out our reasoning there that our conclusion "was consistent with the policies of repose and federalism" identified in the Court's statute of limitations decisions.  <u>Id.</u>